UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| LUIZ ARTURO ESQUIVEL-CRUZ, | § | |
| | § | |
| Defendant/Petitioner, | § | |
| | § | CRIMINAL ACTION V-09-20 |
| v. | § | |
| | § | CIVIL ACTION V-10-20 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant/Petitioner Luiz Arturo Esquivel-Cruz' ("Esquivel-Cruz") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. No. 33),[1] to which the United States ("the Government") has responded (Dkt. No. 44) and Esquivel-Cruz has replied (Dkt. No. 45). After considering the motion, response, reply, record, and applicable law, the Court is of the opinion that Esquivel-Cruz' Motion to Vacate, Set Aside, or Correct Sentence should be **DENIED**.

### Background

On March 19, 2009, Esquivel-Cruz was indicted on the charge of possession with intent to distribute approximately 1066 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (Dkt. No. 1.) On May 18, 2009, Esquivel-Cruz pled guilty to the sole count in the Indictment. (*See* Plea Agreement, Dkt. No. 14; Judgment, Dkt. No. 29.)

At sentencing on October 5, 2009, the Court advised Esquivel-Cruz that the offense carried a mandatory minimum sentence of 120 months imprisonment, and that based on his Presentence Investigation Report (PSI) (Dkt. No. 20), the applicable sentencing guideline range was 120 to 135 months imprisonment. (Sentencing Tr., Dkt. No. 40 at 5:1—5:5.) After

---

1. Citations in this Order refer to Criminal Action No. V-09-20.

considering arguments by counsel, the Court sentenced Esquivel-Cruz to 126 months imprisonment in the Bureau of Prisons, 5 years supervised release, and a special assessment of $100.00. (*Id.* at 6:18—7:11.) Esquivel-Cruz did not appeal his conviction or sentence.

## Claims and Allegations

The Court understands Esquivel-Cruz to challenge his sentence on the grounds that his trial counsel provided ineffective assistance by:

(1) failing to secure a three level downward adjustment in his sentence for acceptance of responsibility; and

(2) requiring Esquivel-Cruz to waive his right to directly appeal his sentence.

## Evidentiary Hearing

A hearing is not required to dispose of a § 2255 petition if "'the motion, files, and record of the case conclusively show that no relief is appropriate.'" *United States v. Samuels*, 59 F.3d 526, 530 (5th Cir. 1995) (quoting *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983); *see also Randle v. Scott*, 45 F.3d 221, 226 (5th Cir. 1995) (citing *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990)) (concluding that if the record is adequate to fairly dispose of the petition, no hearing is required). No evidentiary hearing is required in this case.

## Standard

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under

28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

Esquivel-Cruz' ineffective assistance of counsel claims are properly analyzed under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. *Id.* This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474—75 (5th Cir. 2001). To establish prejudice as a result of an alleged error at sentencing, a § 2255 movant must show that there is a reasonable probability that, but for counsel's alleged error, the sentencing would have been different. *See United States v. Phillips*, 210 F.3d 345, 350 (5th Cir. 2000). This requires him to show a reasonable probability that he would have received a lesser sentence. *United States v. Grammas*, 376 F.3d 433, 438—39 (5th Cir. 2004). If the movant fails to prove one of the two prongs, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

## Analysis

In his first claim of error, Esquivel-Cruz complains that his attorney was ineffective because he failed to secure a three level downward adjustment in Esquivel-Cruz' sentence for

acceptance of responsibility. This claim is directly refuted by the record. At sentencing, the Court directly informed Esquivel-Cruz, "[Y]ou were given a three level downward adjustment for acceptance of responsibility." (Sentencing Tr. at 4:19—4:20.) This adjustment was consistent with the terms of Esquivel-Cruz' PSI, which the Court adopted without change. (*See* Dkt. No. 30 at 1; PSI at 5, ¶19.) This claim is therefore without merit.

In his second claim of error, Esquivel-Cruz complains that his attorney was ineffective because he required Esquivel-Cruz to waive his right to directly appeal his sentence. Upon review, the Court finds that Esquivel-Cruz' Memorandum of Plea Agreement contained no waiver of post-conviction relief, including the right to direct appeal. (*See* Dkt. No. 14.) Moreover, the Court directly informed Esquivel at sentencing, "I advise you at this time that you have the right to appeal this sentence. If you are unable to hire a lawyer, the Court will appoint one for you." (Sentencing Tr. at 7:12—7:14.) The Court then asked Esquivel-Cruz if he understood his right to appeal, to which Esquivel-Cruz affirmed that he did. (*Id.* at 7:14—7:16.) Because this claim is also refuted by the record, it too must fail.

Esquivel-Cruz has not shown that he is entitled to relief, and his § 2255 motion is therefore **DENIED**.

## Certificate of Appealability

Under 28 U.S.C. § 2253, Esquivel-Cruz must obtain a certificate of appealability (COA) before he can appeal this Order dismissing his petition. To obtain a COA, Esquivel-Cruz must make a substantial showing of the denial of a constitutional right. *Cannon v. Johnson*, 134 F.3d 683, 685 (5th Cir. 1998). To make such a showing, Esquivel-Cruz must demonstrate that issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to

proceed further.  *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998).  For the reasons stated in this Order, Esquivel-Cruz has not made a substantial showing of the denial of a constitutional right.  The issuance of a COA in this action is **DENIED**.

### Conclusion

For the foregoing reasons, Esquivel-Cruz' Motion to Vacate, Set Aside, or Correct Sentence (Dkt. No. 51) is **DENIED.**

It is so **ORDERED**.

**SIGNED** this 11th day of January, 2010.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE